IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ARTHUR L. HAIRSTON, SR., | : | 1:10-CV-1795 |
| --- | --- | --- |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| WILLIAM A. SCISM, | : | |
| Respondent. | : | |

## MEMORANDUM

### September 22, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 7), filed on September 7, 2010. The R&R recommends that the instant habeas corpus petition be dismissed without prejudice to the right of the Petitioner Arthur L. Hairston, Jr. ("Hairston") to present his claims in a civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Hairston filed objections to the R&R on September 17, 2010. (Doc. 8). Thus, this matter is ripe for our review and disposition.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

On August 26, 2010, Hariston filed this action, self-styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hariston's application for leave to proceed *in forma pauperis* was granted.

Hariston claims that he has filed requests for administrative remedies at the United States Penitentiary at Lewisburg ("USP-Lewisburg") and the Low Security Correctional Institution at Allenwood ("LSCI-Allenwood") and has not received timely and appropriate responses from staff. These grievances concerned, in part, Hariston's removal from placement at the Lewisburg camp and subsequent transfer to LSCI-Allenwood. The grievances also concern decisions and actions by prison staff concerning Hariston's medical care, access to legal work and papers and disciplinary proceedings involving him.

## II.    STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound

discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2243, a court shall direct a respondent to show cause why a writ should not be granted unless it appears from the face of the applicaiton that the person detained is not entitled to habeas corpus relief. A 28 U.S.C. § 2241 petition is a form of action asking the court to order the custodian of the petitioner to release the petitioner because he or she is in custody "in violation of the Consitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus is not a form of action that may be used by a prisoner to correct an unlawful prison policy or practice, but is used properly by an inmate to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 US.. 475, 498-99 (1973).

It is evident to this Court, as it was to Magistrate Judge Smyser, that Hariston is attempting to use habeas corpus in a manner far removed from its purpose. Hariston is not challenging the fact or duration of his confinement. Rather, he complains of prison staff failing to answer his administrative remedy requests. Hariston disagrees with Magistrate Judge Smyser's recommendation of dismissal in

3

favor of permitting Hariston to file a civil action, however, he provides the Court with absolutely no compelling legal argument under which we would reject Magistrate Judge Smyser's recommendation.

## IV. CONCLUSION

Accordingly, for the foregoing reasons as stated by this Court and the Magistrate Judge, we shall overrule Hariston's objections and adopt the R&R in its entirety.